**John E. HAYCRAFT et al., Plaintiffs-Appellees,**

v.

**BOARD OF EDUCATION OF JEFFERSON COUNTY, KENTUCKY, et al., Defendants-Appellants.**

**No. 76–2301.**

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1977.

Decided Aug. 23, 1977.

John A. Fulton, Will H. Fulton, Woodward, Hobson & Fulton, E. Preston Young, Louisville, Ky., for defendants-appellants.

Thomas L. Hogan, Galen Martin, Darrel T. Owens, John G. O'Mara, Louisville, Ky., for plaintiffs-appellees.

Before PHILLIPS, Chief Judge, and PECK and ENGEL, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This latest aspect of the Louisville school desegregation case commenced in May of 1976, when District Judge Gordon conducted hearings concerning implementation of the July 30, 1975, desegregation plan and order approved by this Court in *Cunningham v. Grayson,* 541 F.2d 538 (6th Cir. 1976).

As a result of the May 1976 evidentiary hearings, Judge Gordon determined that the pupil population ratio in at least 28 elementary schools did not satisfactorily reflect the racial guidelines set forth in the July 30, 1975, desegregation order. Appellants do not dispute this finding on appeal. Having found that "the elementary school system in Jefferson County has *never* been in compliance with this Court's desegregation decision," and that this failure of compliance rendered the case outside the scope of *Pasadena City Board of Education v. Spangler,* 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976), the district court on August 2, 1976, entered an amended order, which *inter alia,* altered the pupil assignment methodology of the July 30, 1975 desegregation order by requiring the busing of an additional 900 black pupils.[1] The Board of Education of Jefferson County

---

1. In this amended order, the district court also approved the report of a Special Committee, appointed May 6, 1976, and in conformity therewith, ordered implementation of procedures for hardship transfers and ordered the school board to keep open five elementary schools scheduled to be closed; and adopted the Board's recommended voluntary transfer plan.

appeals from this August 2, 1976, amended desegregation order.

On appeal the Board of Education maintains that the district court exceeded its remedial powers in amending the plan without making any determination that the racial imbalance in these 28 elementary schools resulted from any additional segregative action on the part of the Board. This is, appellants argue, the precise issue resolved by *Pasadena*. We do not agree.

In the *Pasadena* case, the district court entered a desegregation order on January 23, 1970, requiring assignment of students in such a manner that no school within the district would have a majority of minority students (the "no majority" requirement). Only during the 1970–71 school year was the "no majority" requirement met. Thereafter, in 1974, the Board of Education sought to be relieved of the "no majority" requirement and the district court denied its motion. The Supreme Court reversed the decision of the district court, quoting *Swann v. Board of Education*, 402 U.S. 1, 31–32, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971):

> "Neither school authorities nor district courts are constitutionally required to make year-by-year adjustments of the racial composition of student bodies *once the affirmative duty to desegregate has been accomplished* and racial discrimination through official action is eliminated from the system." *Pasadena, supra*, 427 U.S. at 436, 96 S.Ct. at 2708. (emphasis added).

We conclude that the district court correctly determined that *Pasadena* is distinguishable from the instant case. This case is in the pre-compliance rather than the post-compliance stage of implementation of *Pasadena*. As the Supreme Court has held "[o]nce a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Swann v. Board of Education, supra*, 402 U.S. at 15, 91 S.Ct. at 1276. We agree with the district court's conclusion that nothing in *Pasadena* restricts its remedial powers so as to preclude

modification of the student assignment portion of a desegregation plan, which had *not*, as of the time the modifications were ordered brought about the desegregation of the school system. See *United States v. Seminole County School District*, 553 F.2d 992 (5th Cir. 1977).

The judgment of the district court is affirmed.